# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**EDRA D BLIXSETH**,<br><br>Debtor. | Case No. **09-60452-7** |
| **RICHARD J. SAMSON**,<br><br>Plaintiff.<br><br>-vs-<br><br>**WESTERN CAPITAL PARTNERS LLC**,<br><br>Defendant. | Adv No. **10-00094** |

## MEMORANDUM of DECISION

At Butte in said District this 14th day of December, 2011.

Defendant Western Capital Partners LLC's ("WCP") Motion to Dismiss Counts I, II, V & VI for Lack of Subject Matter Jurisdiction filed August 10, 2011, is pending in this Adversary Proceeding . Based upon pleadings filed by the parties, the Court entered an Order on October 26, 2011, providing that in lieu of a hearing, the parties could file briefs in support of their respective positions with regard to WCP's pending motion to dismiss after which time the matter would be deemed submitted and ready for decision. Plaintiff filed a brief on November 8, 2011, WCP filed a reply brief on November 22, 2011, and Plaintiff filed a response on November 29,

1

2011. The matter is deemed submitted and ready for decision.

In its Motion, WCP argues this Court lacks subject matter jurisdiction to hear Counts I, II, V and VI of the Plaintiff's complaint and therefore, must dismiss said claims based upon the United States Supreme Court's recent ruling in *Stern v. Marshall*, 131 S. Ct. 2594, 2608, 2615, 2620 (2011), and this Court's prior interpretation of *Stern v. Marshall* as set forth in *Samson v. WCP (In re WCP)*, Adversary Proceeding 10-00088 (August 1, 2011).

The "jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute." *Battleground Plaza, LLC v. Ray (In re Ray)*, 624 F.3d 1124, 1130 (9th Cir. 2010) (quoting *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995)). A bankruptcy court's jurisdiction is, generally, prescribed by 28 U.S.C. § 1334(b). In addition to granting jurisdiction to bankruptcy courts over bankruptcy cases, the statute provides that "the district courts [and by reference pursuant to 28 U.S.C. § 157, the bankruptcy courts] shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

WCP argues that as a result of *Stern v. Marshall*, this Court lacks subject matter jurisdiction to further consider Counts I, II, V and VI. In a 5-4 decision, the Supreme Court in *Stern v. Marshall* concluded that -- even though the proceeding was core under 28 U.S.C. § 157(b)(2)(C) and that the bankruptcy court had the statutory authority to resolve the matter --the bankruptcy court nevertheless lacked the constitutional power to finally decide a state-law counterclaim where the counterclaim was not so closely related to the creditor's claim that it could be adjudicated as part of the claims resolution process.

Shortly after the Supreme Court decided *Stern v. Marshall*, this Court, in August of 2011,

entered a decision in *Samson v. WCP (In re WCP)*, Adversary Proceeding 10-88, concluding:

> Since this Court may not constitutionally hear the fraudulent conveyance claim as a core proceeding, and this Court does not have statutory authority to hear it as a non-core proceeding, it may in no case hear the claim. Therefore, this Court grants the parties fourteen days in which to move the District Court to withdraw its reference, in whole or in part, pursuant to 28 U.S.C. § 157(e), or else it will dismiss the fraudulent conveyance claims for lack of subject matter jurisdiction.

Having now had the benefit of more time to reflect on *Stern v. Marshall*, the Court finds its conclusion in Adversary Proceeding 10-88 may be flawed.

In March of this year, the United States Supreme Court entered a decision that provides instructful guidance on the matter presently before the Court. *See Henderson ex rel. Henderson v. Shinseki*, ⸺ U.S. ⸺, 131 S.Ct. 1197, 1202, 179 L.Ed.2d 159 (2011). In an attempt to "bring some discipline" to the use of the term "jurisdictional" the Supreme Court in *Henderson* wrote:

> Branding a rule as going to a court's subject-matter jurisdiction alters the normal operation of our adversarial system. Under that system, courts are generally limited to addressing the claims and arguments advanced by the parties. *See Sanchez-Llamas v. Oregon*, 548 U.S. 331, 356-357, 126 S.Ct. 2669, 165 L.Ed.2d 557 (2006). Courts do not usually raise claims or arguments on their own. But federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press. *See Arbaugh, supra*, at 514, 126 S.Ct. 1235.
>
> Jurisdictional rules may also result in the waste of judicial resources and may unfairly prejudice litigants. For purposes of efficiency and fairness, our legal system is replete with rules requiring that certain matters be raised at particular times. *See Sanchez-Llamas, supra*, at 356-357, 126 S.Ct. 2669. Objections to subject-matter jurisdiction, however, may be raised at any time. Thus, a party, after losing at trial, may move to dismiss the case because the trial court lacked subject-matter jurisdiction. *Arbaugh*, 546 U.S., at 508, 126 S.Ct. 1235. Indeed, a party may raise such an objection even if the party had previously acknowledged the trial court's jurisdiction. *Ibid.* And if the trial court lacked jurisdiction, many months of work on the part of the attorneys and the court may be wasted.

3

>Because the consequences that attach to the jurisdictional label may be so drastic, we have tried in recent cases to bring some discipline to the use of this term. We have urged that a rule should not be referred to as jurisdictional unless it governs a court's adjudicatory capacity, that is, its subject-matter or personal jurisdiction. *Reed Elsevier, supra*, at ----, 130 S.Ct., at 1243-1244; *Kontrick, supra*, at 455, 124 S.Ct. 906. Other rules, even if important and mandatory, we have said, should not be given the jurisdictional brand. *See Union Pacific*, 558 U.S., at ----, 130 S.Ct., at 596.

In *Stern v. Marshall,* the Supreme Court reiterated:

>Because "[b]randing a rule as going to a court's subject-matter jurisdiction alters the normal operation of our adversarial system," *Henderson v. Shinseki*, 562 U.S. ——, —— – ——, 131 S.Ct. 1197, 1201–03, 179 L.Ed.2d 159 (2011), we are not inclined to interpret statutes as creating a jurisdictional bar when they are not framed as such. *See generally Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) ("when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character").
>
>Section 157(b)(5) does not have the hallmarks of a jurisdictional decree. To begin, the statutory text does not refer to either district court or bankruptcy court "jurisdiction," instead addressing only where personal injury tort claims "shall be tried."
>
>The statutory context also belies Pierce's jurisdictional claim. Section 157 allocates the authority to enter final judgment between the bankruptcy court and the district court. *See* §§ 157(b)(1), (c)(1). That allocation does not implicate questions of subject matter jurisdiction. *See* § 157(c)(2) (parties may consent to entry of final judgment by bankruptcy judge in non-core case). By the same token, § 157(b)(5) simply specifies where a particular category of cases should be tried. Pierce does not explain why that statutory limitation may not be similarly waived.

Consistent with the above, several courts have recently concluded that *Stern v. Marshall* does not deprive bankruptcy courts of subject matter jurisdiction. *See, e.g., In re Wilderness Crossings, LLC,* 2011 WL 5417098, *1 (Bankr. W.D.Mich. Nov 08, 2011); *In re Bujak*, 2011 WL 5326038, *2 (Bankr. D.Idaho Nov 03, 2011); *In re Sunra Coffee LLC*, 2011 WL 4963155, *4 (Bankr. D.Haw. Oct 18, 2011); and *In re Citron*, 2011 WL 4711942, *2 (Bankr. E.D.N.Y. Oct

4

06, 2011).

Following the express language of *Henderson* and *Stern v. Marshall*, this Court concludes that because the United States District Court for the District of Montana would have the requisite subject-matter jurisdiction to adjudicate the claims in this Adversary Proceeding, so too does this Court. The Court's decision in Adversary Proceeding 10-00088 is, to the extent it is inconsistent with the decision expressed today, overruled.

In accordance with the foregoing, the Court will enter a separate order providing as follows:

IT IS ORDERED that Western Capital Partners, LLC's Motion to Dismiss Counts I, II, V & VI for Lack of Subject Matter Jurisdiction filed August 10, 2011, at docket entry no. 48 is DENIED.

BY THE COURT

/s/ Ralph B. Kirscher

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana