UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**EDRA D BLIXSETH**,<br><br>Debtor. | Case No. **09-60452-7** |
| **RICHARD J. SAMSON**,<br><br>Plaintiff.<br><br>-vs-<br><br>**WESTERN CAPITAL PARTNERS LLC**,<br><br>Defendant. | Adv No. **10-00094** |

# MEMORANDUM OF DECISION

At Butte in said District this 11th day of April, 2014.

Pending in this adversary proceeding is the Defendant Western Capital Partners LLC ("WCP") motion to stay enforcement of judgment (Document No. 138) and opposition thereto filed by the Plaintiff/Trustee (Doc. 149). A hearing on WCP's motion was held after notice at Missoula on April 3, 2014. WCP was represented by attorney Richard ("Hatch") of Hatch Ray Olsen Sandberg, LLC, Denver, Colorado. The Plaintiff Richard J. Samson ("Samson") appeared and testified, represented by attorneys Anna C. Conley of Datsopoulos MacDonald & Lind PC of Missoula, Montana, and Bradley R. Duncan ("Duncan") of Davis Wright Tremaine LLP of Seattle, Washington. No exhibits were admitted. The Court heard argument from counsel, and

1

at the conclusion of the parties' cases-in-chief the Court deemed WCP's motion to stay enforcement of judgment submitted and took it under advisement. After review of the motion, Plaintiff's response, the record, and applicable law, for the reasons set forth below the Court will enter a separate Order denying WCP's motion to stay enforcement of judgment.

This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b) as related to the above-captioned Chapter 7 bankruptcy case. The Trustee's complaint to recover preferences and avoid fraudulent transfers are core proceedings under 28 U.S.C. § 157(b)(2)(F) & (H).

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Samson is a chapter 7 panel trustee in this District. He was appointed Trustee in the above-captioned Chapter 7 bankruptcy case after it was converted from Chapter 11, on May 29, 2009. WCP filed Proof of Claim No. 60 in the Chapter 7 case on August 7, 2009, asserting a secured claim in the amount of $13,965,144.17, secured by real property and other collateral.

As Trustee, Samson initiated the instant adversary proceeding by filing complaint against WCP on October 21, 2010. The complaint seeks to recover fraudulent transfers from the Debtor to WCP under 11 U.S.C. §§ 544, 548, 550, California Civil Code sections, asserting preference claims under §§ 544 and 547, a claim based upon the Uniform Commercial Code ("UCC") for commercially unreasonable sales, disallowance or reduction in WCP's Proof of Claim under §§ 502 and 506, and for injunctive relief. Samson amended the complaint to add a claim for usury. Count IV based on the UCC was dismissed.

Samson moved in the United States District Court for the District of Montana to withdraw the reference to this Bankruptcy Court because of constitutional issues raised by WCP.

On October 7, 2011, the district court, Hon. Sam E. Haddon, denied the motion to withdraw reference. This Court subsequently denied WCP's motion to dismiss Counts I, II, V and VI for lack of subject-matter jurisdiction. Construing the United States Supreme Court's decisions in *Henderson ex rel. Henderson v. Shinseki*, __ U.S. __, 131 S.Ct. 1197, 1202, 179 L.Ed.2d 159 (2011), and *Stern v. Marshall*, __ U.S. __, 131 S. Ct. 2594, 2608, 2615, 2620 (2011), this Court concluded that it has subject-matter jurisdiction to adjudicate the claims in this adversary proceeding, since the district court has the requisite subject-matter jurisdiction.

The Court set pretrial deadlines and a trial date after a pretrial scheduling conference. Both sides filed motions for summary judgment which the Court denied. Trial commenced on June 6, 2012, and concluded on June 11, 2012. After reviewing the parties' post-trial memoranda, On March 18, 2013, this Court entered a Memorandum of Decision (Doc. 133) and Judgment (Doc. 135) against WCP in favor of Plaintiff in the amount of $4,013,410.99, plus additional awards for usury, preferential garnishment, and ordered WCP to return property transferred to WCP. With respect to jurisdiction, this Court found that it has jurisdiction under § 1334 and that this is a core proceeding. WCP filed a timely notice of appeal.

On March 26, 2013, WCP filed its pending motion to stay enforcement of judgment. In its motion WCP contends that it did not consent to entry of final judgment, that this proceeding is non-core so this Court cannot enter a final judgment in light of *Stern v. Marshall*, and therefore this Court should stay the judgment pending final review by the district court in order for WCP to remain solvent. The Plaintiff filed a response in opposition to WCP's motion on April 5, 2013 (Doc. 149). The Plaintiff contends that WCP expressly consented to entry of final judgment during preliminary proceedings at trial, that his claims are core proceedings, that this Court has

constitutional authority to enter final judgment on fraudulent transfer claims under *Stern v. Marshall* and *In re Bellingham Insurance Agency*, 702 F.3d 553 (9th Cir. 2012), *cert. granted*, *Executive Benefits Ins. Agency v. Arkison*, 133 S.Ct. 2880, 186 L.Ed.2d 908 (2013).

A hearing on WCP's motion was scheduled to be held on April 11, 2013. That hearing was vacated and this adversary proceeding stayed by WCP's filing a Chapter 11 bankruptcy case in the District of Colorado, Case No. 13-15760 MER. The automatic stay of 11 U.S.C. § 362(a) in WCP's Chapter 11 case took effect, and remains in effect staying further proceedings in this case.

Counsel at the hearing agreed that Samson moved for relief from the stay in WCP's Colorado case. The bankruptcy court in Colorado, after a hearing, modified the stay so that WCP could pursue its appeal in the U.S. District Court for the District of Montana, where that appeal is proceeding and is pending. In addition, the Colorado court granted *sua sponte* relief from the stay so that the Trustee could proceed in this Court to adjudicate WCP's motion to stay enforcement of judgment pending appeal, but otherwise the court denied the Trustee's motion for relief from stay without prejudice. If WCP's motion for stay pending appeal is denied by this Court and the district court, then the Trustee is authorized to file a renewed motion for relief from stay in Colorado on settlement issues. Hatch described the Colorado bankruptcy court's decision as showing deference to the Montana courts, while leaving the automatic stay in place. Samson's counsel Duncan agreed that if this Court denies WCP's motion for stay pending appeal "nothing will happen," because Samson would have to return to the Colorado court and renew his motion to modify stay .

The "settlement agreement issues" refer to Samson's attempt to reach a settlement of

litigation with parties identified as the "Sandoval" parties. Samson testified that the Sandoval litigation is based on an $11 million letter agreement, and that he seeks to settle the litigation with the Sandoval parties for $1.25 million. WCP contends that the letter agreement is the most significant asset of its bankruptcy estate, and is necessary for its effective reorganization as proposed in its amended Chapter 11 plan.

Samson testified that his settlement with Sandoval would extinguish WCP's rights with respect to the letter agreement. Samson testified that he is attempting to move administration of this Chapter 7 bankruptcy case along, and that the proposed settlement is for the purpose of paying this estate's administrative expenses and attorney's fees, which have gone unpaid due to the delay in this case. If Samson is allowed to complete his settlement with Sandoval, he admits that the consequence would be to moot WCP's appeal.

This Court granted the parties time to file supplemental briefs, which they filed on December 31, 2013.

## DISCUSSION

### 1. Contentions of the Parties.

WCP argues that Samson's attempt to settle with the Sandoval parties will moot its appeal of the Judgment in this case and deny WCP due process, as well as substantially prejudice the WCP bankruptcy estate by enforcement of the Judgment, whereas no prejudice would result by stay of enforcement because the settlement funds are held in escrow. WCP argues that continuing the stay pending appeal furthers judicial economy, because the appeal would proceed and Samson would not need to incur additional attorney fees returning to Colorado to seek relief from the stay, or oppose WCP's motion for stay pending appeal which it may file in the district

court if its motion is denied here. WCP seeks to continue the stay of enforcement to maintain the status quo while allowing the appellate process to continue.

Plaintiff argues that WCP consented to entry of a final judgment[1], that WCP filed a proof of claim and the Court's Judgment involved the adjudication of WCP's claim for which it has constitutional authority to do, that WCP has not offered to post a supersedeas bond, and therefore WCP must satisfy the requirements of F.R.B.P. 8005[2] for a stay pending appeal.

### 2. Stay Pending Appeal.

In the case of *Martinson v. Towe (In re Towe)*, 14 Mont. B.R. 1, 2-3 (Bankr. D. Mont. 1994), this Court set forth the standards for evaluating motions filed under Rule 8005:

> Rule 8005 provides that a bankruptcy judge "may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." This Court has explained in construing Rule 8005:
>
> > Such rule incorporates the practice with respect to automatic availability of a stay pending appeal upon approval of a supersedeas bond. The purpose

---

[1] Samson admits that WCP's consent was not captured by the Court's recording device.

[2] Rule 8005 reads in pertinent part:

A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge.

of the bond is to indemnify the party who was successful in the Bankruptcy Court against loss caused by an attempt to reverse the decision upon appeal. *In re Theatre Holding Corp.*, 22 B.R. 884, 885 (Bankr. S.D.N.Y. 1982). *See, also, In re Swift Air Lines, Inc.*, 21 B.R. 12 (9th Cir. BAP 1982). With the posting of sufficient supersedeas bond, under the above authorities, the standard for granting the stay becomes unimportant.

In this adversary proceeding WCP has not offered to post a supersedeas bond, so therefore it must satisfy a test similar to that required for the granting of an injunction. *Lair v. Bullock*, 697 F.3d 1200, 1203 n.2 (9th Cir. 2012) (citing cases). The Ninth Circuit explained in *Lair*:

> "A stay is not a matter of right.... It is instead 'an exercise of judicial discretion' ... [that] 'is dependent upon the circumstances of the particular case.' " [*Nken v. Holder,* 556 U.S. 418, 433, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009)] (internal citations omitted) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672–73, 47 S.Ct. 222, 71 L.Ed. 463 (1926)). Judicial discretion in exercising a stay is to be guided by the following legal principles, as distilled into a four factor analysis in *Nken*: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434, 129 S.Ct. 1749 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [this Court's] discretion." *Id.* at 433–34, 129 S.Ct. 1749.

697 F.3d at 1203.

The first two *Nken* factors are the most critical. *Id.* at 1204, quoting *Nken*, 556 U.S. at 434. WCP as the party requesting a stay bears the burden. *Id.*

The first factor, likelihood of success on the merits, is not satisfied by a mere showing that the likelihood is "better than negligible" or that there is a "mere possibility of relief." *Lair*, 697 F.3d at 1204, quoting *Nken* 556 U.S. at 434. While it is not necessary for WCP to show that it is more likely than not that it will win on the merits, "at a minimum" the petitioner must show

that there is a "substantial case for relief on the merits." *Lair*, 697 F.3d at 1204, quoting *Leiva–Perez v. Holder*, 640 F.3d 962, 966 (9th Cir.2011) (per curiam).

WCP argues that the complexity of the litigation and jurisdictional issues raised in *Stern v. Marshall* suggest a likelihood that it will prevail on the merits. Samson replies that WCP's arguments based on this Court's constitutional powers is quite weak, and that this Court has decided these same arguments against WCP in this case. In deciding this first factor, the Court notes that, even if WCP's arguments based on *Stern v. Marshall* ultimately prevail, the most that would happen is that, instead of entering a final judgment, this Court would submit proposed findings of fact and conclusions of law to the district court for *de novo* review under 28 U.S.C. § 157(c)(1). As far as the ultimate result on the merits, this Court concludes that WCP has fallen short of satisfying its burden to show a substantial case for relief on the merits. *Lair*, 697 F.3d at 1204; *Leiva–Perez,* 640 F.3d at 966.

The second factor which WCP must show is whether the applicant will be irreparably injured absent a stay. *Lair*, 697 F.3d at 1204, quoting *Nken*, 556 U.S. at 434. The second factor requires more than some possibility of irreparable injury. *Lair*, 697 F.3d at 1214, citing *Nken*, 556 U.S. at 434-35. The applicant must show that there is a probability of irreparable injury if the stay is not granted. *Lair*, 697 F.3d at 1214; *Leiva–Perez,* 640 F.3d at 966. "In analyzing the probability of irreparable injury, we also focus on the individualized nature of irreparable harm and not whether it is 'categorically irreparable.'" *Lair*, 697 F.3d at 1214, quoting *Leiva–Perez,* 640 F.3d at 969 (quoting *Nken*, 556 U.S. at 435).

The Court finds, based on the admissions of WCP's counsel, that WCP failed to show any injury, other than the cost of continued litigation in Colorado, and completely failed to show

a probability of irreparable injury if its motion to stay enforcement of judgment is not granted. Simply put, the automatic stay remains in place in WCP's Colorado bankruptcy case even if this Court denies WCP's motion for stay pending appeal. Samson's counsel Duncan admitted that "nothing will happen" if this Court or the district denies WCP's motion, because Samson then must return to the Colorado bankruptcy court and renew his motion to modify stay there.

WCP's attorney Hatch stated at the hearing that this Court must presume that Samson will succeed in Colorado. This curious admission further undermines WCP's argument for a stay pending appeal. If WCP does not expect to prevail on the merits in opposing Samson's motion to modify stay in Colorado, then this Court does not understand what justification there could be to stay Samson from enforcing his Judgment here. Because of the automatic stay in Colorado, at this time there is not even some possibility of irreparable injury, let alone a probability of irreparable injury if the stay is not granted. *Lair*, 697 F.3d at 1214. WCP having failed its burden under the first two *Nken* factors, the Court will deny WCP's motion to stay enforcement of judgment pending appeal.

The last two factors require courts to weigh the public interest against the harm to the opposing party. *Lair*, 697 F.3d at 1215, citing *Nken*, 556 U.S. at 435; *Leiva–Perez,* 640 F.3d at 964-66. The third *Nken* factor is whether issuance of the stay will substantially injure the other parties interested in the proceeding. 556 U.S. at 434; *Lair*, 697 F.3d at 1203. Samson contends that WCP seeks a stay to bar the Trustee from administering the bankruptcy estate, for a period which may extend for years given all possible appeals. Samson testified that the administrative costs of the estate and its professionals remain unpaid. WCP argues that the creditors will be better off if it can recover and collect the $11 million on the letter agreement instead of the

9

Trustee's proposed $1.25 million.

Because of the automatic stay in Colorado in WCP's Chapter 11 proceeding, the Court finds that issuance of the stay would not substantially injury other parties interested in the proceeding. Other parties would be in the same position they are in now if the stay were granted.

The fourth factor is where the public interest lies. *Nken*, 556 U.S. at 434; *Lair*, 697 F.3d at 1203. Samson argues that the public interest has little bearing in this matter. WCP argues that judicial economy and the public's interest in due process by not mooting its appeal weigh in favor of granting the stay.

In *Lair* the Ninth Circuit found that a "deep public interest" in granting a stay pending appeal based upon the public's interest in free and fair elections, and the options for interested parties to continue to "vigorously participate" in elections. 697 F.3d at 1215. No such deep public interest is prominently displayed in the instant case. The Trustee testified that he has a job to do in administering this bankruptcy estate, which would be delayed longer by granting WCP a stay pending appeal.

This Court has its responsibilities to perform, which do not include deciding the issues in WCP's Colorado bankruptcy case. In order to further the public interest in moving this adversary proceeding and Chapter 7 bankruptcy case along, this Court concludes that the balance of the public interest lies against granting WCP's motion to stay enforcement pending appeal. By denying WCP's motion WCP can appeal to the district court, and if it does, after that decision, if the stay is not granted the parties can return to WCP's Colorado bankruptcy case and argue whether relief from the stay can be granted.

The Court finds and concludes that three of the four *Nken* factors weigh against the Court

exercising its discretion to grant WCP's motion to stay enforcement of the Judgment.

**IT IS ORDERED** a separate Order shall be entered denying WCP's motion to stay enforcement of judgment (Doc. 138).

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana